IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ROBERT MEJIA,

       Petitioner,

v.                                    **Case No. 1:20-cv-00092**

C. MARUKA, Warden,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner Robert Mejia's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.    Factual and Procedural History**

Robert Mejia is a federal inmate housed at FCI McDowell in Welch, West Virginia. A search of the Inmate Locator on the Federal Bureau of Prisons website reflects that Mejia's projected release date is June 8, 2021.

### A.      Proceedings in the Sentencing Court

On September 27, 2010, Mejia pled guilty in the United States District Court for the District of Maryland (the "Sentencing Court") to federal charges of conspiracy to cause interstate transportation of money obtained by fraud in violation of 18 U.S.C. § 371, interstate transportation of money obtained by fraud in violation of 18 U.S.C. § 2314, and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *United States v. Mejia*, No. 8:10-cr-00523-DKC (D. Md. Sept. 27, 2010), at ECF No. 9. On January 11, 2011, Petitioner was sentenced to 96 months of imprisonment and three years of supervised release and he did not file a direct appeal. *Id.,* at ECF No. 19. In 2016, Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.,* at ECF No. 31. The motion was eventually dismissed as untimely. *Id.,* at ECF Nos. 59, 60. On June 9, 2020, Mejia, through counsel, filed a second § 2255 motion, seeking resentencing following the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *Id.,* at ECF No. 63. His motion remains pending in the Sentencing Court.

### B.      Proceedings in this Court

The instant petition is not the first occasion since he has been incarcerated in this judicial district that Mejia has asked for relief under § 2241. On September 27, 2018, he filed a Petition for a Writ of Habeas Corpus, challenging his sentence pursuant to changes in federal law. *Mejia v. Rickard*, No. 1:18-cv-01321 (S.D. W. Va. Aug. 29, 2019). In a Memorandum Opinion and Order later adopted in its entirety by Judge Faber, the undersigned found that Mejia's petition should be construed as a motion under § 2255 and did not meet the requirements of the savings clause that would allow this Court to exercise jurisdiction over the claim. *Id.,* at ECF Nos. 11, 12. The matter was then dismissed from the docket of the Court and Mejia did not appeal the decision. *Id.,* atECF No. 13.

2

On January 30, 2020, Mejia filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1). In his petition, he acknowledges that ordinarily, challenges to the validity of a conviction are properly brought under § 2255 in the court of conviction, but he maintains that the savings clause of § 2255(e) applies to his claim. Mejia maintains that he is procedurally barred from filing a § 2255 motion because his conviction became final more than a year ago and because he has already filed a § 2255 motion and would need to obtain permission to file another. (ECF No. 1 at 2). However, relying on the Fourth Circuit's decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), Mejia contends that his claim is properly brought in his § 2241 petition because § 2255 is inadequate or ineffective to test the legality of his detention. (*Id*. at 2–3).

Mejia argues that the holding of a recent Supreme Court case, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), renders his conviction for possession of ammunition invalid. (*Id*. at 3). Pointing to the transcript of his sentencing hearing in which his attorney argued that his prior state conviction was styled as a misdemeanor rather than a felony, he claims that he was unaware that he belonged to the class of people who could not legally possess a firearm or ammunition. (ECF No. 1 at 5–6). Therefore, he argues, he does not meet the scienter requirement of § 922(g) and § 924(a)(2) and is therefore innocent of the crime for which he was convicted. (*Id*. at 6).

On February 14, 2020, the undersigned issued an order directing the Respondent to answer or otherwise respond to Mejia's petition. (ECF No. 5). Respondent filed a response in opposition to Mejia's petition on February 25, 2020. (ECF No. 7). In his response, Respondent argues that Mejia's petition was not properly brought under § 2241 because the savings clause of § 2255 does not apply. (*Id*. at 4–6). He adduces that the petition should be dismissed or construed as a § 2255 motion and transferred to the court

3

where Mejia was convicted. (*Id.* at 6–7).

The undersigned ordered Mejia to respond to Respondent's request for dismissal of his petition. (ECF No. 8). On April 23, 2020, Mejia's response was filed. (ECF No. 9). Therein, he argues that, contrary to the Respondent's conclusion, his claim is proper under § 2241 because it satisfies the test set forth in *Jones*. (*Id.* at 6–7). Mejia further alleges that his sentence was likewise erroneous and that this additional claim also satisfies the *Jones* test. (*Id.* at 8–11). He concludes that his petition should therefore be heard on the merits. (*Id.* at 11).

## II.   <u>Standard of Review</u>

Respondent requests that Petitioner's § 2241 petition be dismissed or transferred to Mejia's court of conviction. (ECF No. 7 at 1). Respondent does not articulate under which rule's authority he seeks dismissal but presumably this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not

4

obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.  <u>Discussion</u>

Mejia contends that his conviction for possession of ammunition should be overturned in light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm, and knew that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979);

*Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Mejia challenges the validity of his conviction and sentence by arguing that he is actually innocent of the crime for which he was convicted because the Government did not prove that he knew his prior conviction was considered a felony for purposes of the federal ammunition possession law. (ECF No. 1 at 6). Consequently, his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. Satisfaction of the savings clause requirements is jurisdictional, and if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019).

In support of his argument that the savings clause applies, Mejia warrants that his claim satisfies all three prongs of the *Jones* test (ECF No. 1 at 2–3, 7–8). At the time Mejia was convicted, settled law established the legality of his conviction, and the change in law he invokes is one of statutory rather than Constitutional interpretation, thus satisfying prongs 1 and 3, respectively. Trouble arises when considering prong 2, which requires Mejia to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *Jones*, 226 F.3d at 333–34.

The Supreme Court's decision in *Rehaif* does not decriminalize the underlying conduct for which Mejia was charged and convicted. In *Jones*, after the defendant had already filed one § 2255 motion, the Supreme Court decided a different case which held that Jones's conduct—mere possession of a firearm—did not constitute criminal "use" of a firearm in the statutory context. *Jones*, 226 F.3d at 334. Therefore, Jones's conduct was innocent. By contrast, the *Rehaif* Court held simply that the Government must prove the

defendant knew he had obtained a status which rendered firearm possession criminal, not that illegal possession itself was no longer a crime. Several courts within this Circuit have held that *Rehaif* did not fundamentally alter the criminal nature of the conduct for which Mejia was convicted. *See, e.g.*, *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) (same), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) (holding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases).

At his sentencing, Mejia's counsel contended, as Mejia does here, that the Maryland offense for which he was convicted is classified as a misdemeanor in the state, thus leaving him ignorant of his status relevant to his conviction under federal law at the time he possessed ammunition. (ECF Nos. 1 at 5, 1-1 at 3). While the familiar name of Mejia's crime, "felon in possession of ammunition," implies that "felon" status is elementary to it, 18 U.S.C. § 922(g)(1) in fact provides that "[i]t shall be unlawful for any person...who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year...to possess...any ammunition." While this Court will not decide the merits of Mejia's habeas claim, the undersigned notes that Mejia makes no attempt to proffer that he was not aware of the relevant status he had obtained: conviction of a qualifying crime. His status was undoubtedly known him, as he was sentenced to several years in state prison following conviction for assault, even if he was not aware that such

status made possession of ammunition illegal. (ECF No. 1-1 at 5). *Rehaif* has no application here that renders Mejia's conduct non-criminal, and therefore Mejia cannot meet prong 2 of the *Jones* test. Accordingly, the undersigned **FINDS** that the savings clause of § 2255 does not provide Mejia with a remedy under § 2241.

In addition to his argument that his conviction should be set aside, Mejia raises a novel contention in his most recent filing, asserting that his sentence was also erroneous. (ECF No. 9 at 9–11). Although he does not cite to any particular aspect of his sentence that renders it defective, he provides analysis under the *Jones* test in support of this claim's appropriateness for review. (*Id.* at 10–11). However, a petitioner wishing to challenge the validity of his sentence under § 2241 using the savings clause in § 2255 must show that the claim meets the four-prong test outlined in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Under *Wheeler*, a petitioner may utilize the savings clause to challenge a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429. While Mejia does not provide specific reasons that his sentence is invalid, this Court assumes he considers it invalid because he was sentenced pursuant to an allegedly-invalid conviction. As demonstrated in the analysis above, this argument is unavailing. Furthermore, Mejia cannot satisfy prong 2 of the *Wheeler* test because the change in law he invokes—namely, the *Rehaif* decision—has not been deemed to apply retroactively on collateral review. *See, e.g.*, *Williams v. United States*, 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make

*Rehaif* retroactive to cases on collateral review."); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases). Because Mejia cannot meet the requirements of the savings clause, the undersigned **FINDS** that Mejia cannot challenge his sentence in this § 2241 petition.

Given that Mejia's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Mejia already has a § 2255 motion pending before the District of Maryland, raising nearly identical issues as those presented in his § 2241 petition. Therefore, the undersigned **FINDS** that the interest of justice would not be served in construing the petition as a motion under § 2255 and transferring it to the Sentencing Court. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

## IV.    **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Mejia's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 7), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** October 19, 2020

Cheryl A. Eifert
United States Magistrate Judge

11