IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT MEJIA,

    Plaintiff,

v.                             CIVIL ACTION NO. 1:20-00092

C. MARUKA, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on October 19, 2020, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo

review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Mejia requested an extension of time to file objections to the PF&R and that request was granted. See ECF Nos. 11 and 12. Mejia did not file additional objections after being granted additional time to do so. The court has however considered those objections encompassed within the motion for additional time.

On September 27, 2010, in the United States Court for the District of Maryland, Mejia pled guilty to an information charging him with conspiracy to cause interstate transportation of money obtained by fraud, in violation of 18 U.S.C. § 371, interstate transportation of money obtained by fraud, in violation of 18 U.S.C. § 2314, and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Mejia was sentenced to a term of imprisonment of 96 months.

Mejia argues that his conviction under 18 U.S.C. § 922(g)(1) (felon in possession of ammunition) should be set aside based on the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019), which held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to category of persons barred

from possessing firearms. According to Mejia, under Rehaif, his conviction must be vacated.

Mejia objects to the PF&R's conclusion that his claims are not cognizable in § 2241. As Magistrate Judge Eifert correctly noted, Mejia challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594

(4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is

4

inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Marlowe, 6 F.4th at 568. The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a

5

> test is not "inadequate" just because someone fails it.
>
> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

As discussed above, if Mejia seeks to vacate his conviction, the vehicle for doing so is a motion under 28 U.S.C. § 2255. He may proceed under § 2241 only if he can satisfy the test set out in Jones. This he cannot do. Mejia cannot satisfy the second prong of the savings clause test because the conduct for which plaintiff was convicted is still illegal and being a felon in possession of ammunition is still a valid criminal offense. Courts within the Fourth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Mejia was convicted is no longer illegal. See Jones v. Warden, U.S.P. Lee, 7:20-cv-00278, 2022 WL 824104, at *4 (W.D. Va. Mar. 18, 2022) ("[M]any district courts within the Fourth Circuit, including the undersigned and other judges of this court, have held that Rehaif did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[.]"); Parrish v. Young, Civil Action No. 5:20-

00710, 2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Additionally, Rehaif did not change substantive law. Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense."), proposed findings and recommendation adopted by 2021 WL 3503228 (S.D.W. Va. Aug. 9, 2021); Andrew v. Barnes, Case No. 5:20-cv-02233-DCC, 2021 WL 1986647, at *2 (D.S.C. May 18, 2021) ("Petitioner cannot meet the Jones test because he cannot show as a matter of law that Rehaif rendered his conduct not criminal. Rehaif only clarified what the government needs to prove to secure a conviction under 18 U.S.C. § 922(g), and possession of a firearm by a felon remains illegal.").

Mejia's objections focus on his argument that he can meet prong two of the Wheeler test because, according to him, "the Rehaif decision . . . has been deemed to apply retroactively." ECF No. 11 at 3. However, it is clear that Mejia is attacking his conviction and, therefore he needs to satisfy the Jones test, not Wheeler. See Mann v. Young, No. 20-7548, 2022 WL 563260, at * 1 (4th Cir. Feb. 24, 2022) ("The district court required Mann to demonstrate that the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), applies retroactively to

7

cases on collateral review, although that is not a part of our In re Jones test.").

There is also no merit to Mejia's Rehaif claim. In the stipulation of facts attached to his plea agreement, Mejia agreed that "[p]rior to June 26, 2009, MEJIA had been convicted in 2005 in the Circuit Court of Maryland for Montgomery County for assault in the second degree, a felony crime punishable by imprisonment for a term exceeding one year." See United States v. Mejia, Case 8:10-cr-523-DKC, ECF No. 9-1. In Greer v. United States, 141 S. Ct. 2097, 2097 (2021), the Court held that a defendant who had stipulated to being a felon did not demonstrate that his substantial rights were affected due to a Rehaif error in jury instructions. As the Court put it:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . . In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Id. It is doubtful that Mejia would be able to show a Rehaif error given his plea agreement as well as the fact that he had been convicted of multiple felonies. See Jones v. Warden, U.S.P. Lee, 7:20-cv-00278, 2022 WL 824104, at *5-6 (W.D. Va. Mar. 18, 2022) (denying Rehaif habeas claim where petitioner "admitted that he was a felon when he pled guilty," "had been convicted of multiple felonies," and "had received sentences longer than a year"). As the court observed at Mejia's sentencing, "[t]he fact that second degree assault is technically a misdemeanor under Maryland law says nothing about whether it's a crime punishable -- not whether you receive more than a year, but whether it's punishable by more than a year. He, in fact, was sentenced to five years, with all but one suspended, in the first case, and five years, all suspended, in the second, so each of them was clearly punishable by a term exceeding one year[.]" See ECF No. 1-1 at 5.

Mejia's objections are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DISMISSES**

9

plaintiff'spetition under 28 U.S.C. § 2241 without prejudice,[*] and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

---

[*] The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction. See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

10

**IT IS SO ORDERED** this 28th day of March, 2023.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge